12387

THE STATE v. TUMBLESTONE *ET AL.*

(142 S. E., 38)

1. CRIMINAL LAW—SUSTAINING OBJECTION TO QUESTION WHAT WITNESS CONCLUDED FROM INFORMATION HELD PROPER SINCE ANSWER THERETO WOULD HAVE BEEN OPINION.—In prosecution for violating the Prohibition Law (Cr. Code 1922, §§ 820–888, as amended), sustaining objection to question of defense counsel to witness, as to what he concluded from information he had, was proper since answer thereto would have been witness' opinion.

2. CRIMINAL LAW—SUSTAINING OBJECTION TO QUESTION WHETHER WITNESS HAD INFORMATION SHOWING DEFENDANTS WERE BUYING WHISKEY HELD PROPER SINCE ANSWER WOULD HAVE BEEN HEARSAY. —In prosecution for violating the Prohibition Law (Cr. Code 1922, §§ 820–888, as amended), sustaining objection to question by defense counsel as to whether witness had information indicating defendants were going to buy whiskey and some one was actually manufacturing it was proper since answer would have been hearsay.

3. CRIMINAL LAW—ERROR, IF ANY, IN LIQUOR PROSECUTION, IN CHARGE THAT THERE WAS NO ISSUE OF MANUFACTURING, WAS NOT PREJUDICIAL.—In prosecution for violating the Prohibition Law (Cr. Code 1922, §§ 820–888, as amended), by manufacturing, having in possession, and transporting alcoholic liquors alleged inadvertent error in charge, "I have not defined manufacture to you, because I do not believe any issue along that line," held not prejudicial since it did not affect questions before jury.

Before JOHNSON, J., Colleton, June, 1927. Affirmed.

Calvin Tumblestone and another were convicted of violating the Prohibition Law by manufacturing, having in possession, and transporting alcoholic liquors, and they appeal.

*Mr. Wendell E. Ackerman,* for appellants.

*Mr. Randolph Murdaugh,* Solicitor, for respondent.

March 1, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellants seek a review of their conviction in the Court of general sessions of Colleton County on the charges of violating the Prohibition Law (Cr. Code 1922, §§ 820–888, as amended) by manufacturing, having in possession, and transporting alcoholic liquors.

Appellants' counsel asked this question of a witness: "You have a little more information in this case, of course, I know you cannot give any hearsay testimony, and what you found in this case, and what did you conclude from? * * *"

Objection to the question being sustained, the counsel asked this question:

"Haven't you had information, Mr. Beach, to indicate that these boys were just going there to buy whisky, and some one was actually manufacturing it?"

The appellants complain that the action of the Judge in not permitting the witness to answer these two questions was erroneous. We think it clear that an answer to the first question would have been only the opinion of the witness, and an answer to the second question would have been hearsay testimony. The rulings of the presiding Judge were correct.

The appellants are under the impression that the Circuit Judge charged the jury as follows:

"Now, I have not defined manufacture to you, because I do not believe any issue along that line."

By their second exception, they alleged that the language of Judge Johnson was a charge upon the facts, and was also an intimation on his part that the Court did not believe the statement of the defendants that they had not manufactured the whisky they admitted was in their possession. The trouble appellants have with this exception is that the Circuit Judge has declared in his order settling the case for appeal that he did not use the language attributed to him, and there is no appeal from that order. It is clear to us that the Judge did not use the language, because immediately following the words complained of, he proceeded fully to define "manufacturing." It must appear that the exception cannot, under the circumstances, be properly entertained; but, even if we could pass upon it, we think there was no prejudicial error, because even if the Judge used the language complained of, it was an inadvertent error which really did not affect the questions before the jury.

The judgment of this Court is that the exceptions be overruled, and the judgment below be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.